**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEDION W. TEKLEWOLDE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 06-1098 (JLL) |
| ONKYO USA CORP. and CIRCUIT CITY CORP., | : **OPINION** |
| Defendants. | : |

**LINARES**, District Judge.

This motion comes before the Court by way of Onkyo USA Corp.'s ("Onkyo") and Circuit City Corp.'s ("Circuit City" and collectively with Onkyo, "Defendants") respective motions to dismiss Plaintiff Gedion W. Teklewolde's amended complaint ("Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [CM/ECF docket nos. 16, 22, 23, and 25]. Defendant Onkyo further moves to enjoin Plaintiff from filing additional actions against Defendants based on the facts at issue here. The Court has reviewed the submissions of the parties and decides the instant motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, Defendants' motions to dismiss the claims against them are granted and Onkyo's motion to enjoin plaintiff is denied.[1]

---

[1] The Court retains jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on the parties' diversity of citizenship.

1

I.   **Factual and Procedural History**[2]

From approximately June 1998 until March 24, 2004, Onkyo employed Plaintiff, an Ethiopian Jew, as a "technical supervisor." (Am. Compl. at 2, 3, 5; Compl. at ¶ 5.)[3] Over the course of his employment, Plaintiff alleges that "management staff . . . raise[d] racially insensitive statements or verbal abuse." (Am. Compl. at 8.) Such statements include management "call[ing] him 'boy'" (id.),[4] making references to the "1938 Nazi/fascism of Italy as appropriate measures to teach people like [Plaintiff]" (id. at 3), and the "1938 Fascist Italy invasion of Ethiopia" (id. at 7). The gravamen of Plaintiff's claim against Circuit City is that Circuit City improperly packaged products manufactured by Onkyo and subsequently criticized Plaintiff's handling of the various warranty claims to Onkyo's management. (Id.) Such criticism, according to Plaintiff, "infringe[d] upon [his] right to [a] peaceful work environment"–a violation of his civil rights–and was "especially traumatic." (Id. at 9.)

On March 7, 2006, Plaintiff filed two identical complaints in the District of New Jersey

---

[2] The facts are culled from the Amended Complaint and taken as true for purposes of this motion. In crafting this factual and procedural history, the Court relies on the operative complaint as well as the exhibits submitted by the parties. See, e.g., Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

[3] The Court cites to the Amended Complaint by page number, rather than paragraph number, as it does not contain paragraph numbers. In amending his complaint, Plaintiff omitted information integral to a complete recitation of the facts of this case. For the sake of completeness, the Court refers sparingly to Plaintiff's original complaint to give context to the allegations of the Amended Complaint.

[4] In the original complaint, Plaintiff gave a more full account of this exchange. According to Plaintiff, Michael Lighthouser, the national service manager and one of Plaintiff's supervisors, in response to Plaintiff's questions regarding the placement of certain products, said, "[L]isten Boy, do what you were suppose[d] to be doing and stop questioning my decision." (Compl. at ¶ 23.)

against Defendants. The complaints were assigned Civil Action Nos. 06-1097 and 06-1098, and to Judge Cavanaugh and this Court, respectively. On February 8, 2007, upon Plaintiff's apparent failure to pay the appropriate filing fee or submit an application to proceed in forma pauperis, this Court issued an order directing Plaintiff to remit the filing fee within twenty (20) days of the date of the order or to apply to proceed in forma pauperis. When Plaintiff did not comply, the Court closed the case. Upon Plaintiff's subsequent notification that he had in fact paid the requisite fee, the Court reactivated the case on March 19, 2007.

On April 9, 2007, Plaintiff filed the Amended Complaint, along with what he termed an "Amendment to Civil Lawsuit." He made said filing to eliminate "extraneous information that will put the . . . Judge and defense team at hardship [sic] to decipher and understand the case" and to add exhibits. (Am. to Civil Lawsuit at ¶¶ 1-2.) Plaintiff also filed the operative complaint to rectify his failure to serve Defendants with the Amended Complaint nor to issue summonses. (See id. at ¶ 3.) He stated that the bases and nature of the lawsuit remained the same as those in his original Complaint. (Id. at ¶ 4.)

Plaintiff's identical case in front of Judge Cavanaugh ("Teklewolde I") took a different procedural course. No question arose regarding the payment of filing fees and the case proceeding accordingly. On April 21, 2006, Circuit City filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6); defendant Onkyo did the same on May 3, 2006. Judge Cavanaugh granted both motions.[5] As to defendant Circuit City, Judge Cavanaugh

---

[5] Judge Cavanaugh granted Circuit City's motion on August 22, 2006 [Civil Action No. 06-1097, CM/ECF docket no. 23], Teklewolde v. Onkyo Corp., et al., No. 06-1097, 2006 WL 2465426 (D.N.J. Aug. 22, 2006), and Onkyo's, on December 20, 2006 [Civil Action No. 06-1097, CM/ECF docket no. 21], Teklewolde v. Onkyo Corp., et al., No. 06-1097, 2006 WL 3779755 (D.N.J. Dec. 20, 2006).

3

dismissed Plaintiff's complaint as he was "unable to discern any cognizable cause of action or deprivation of Plaintiff's rights." Teklewolde v. Onkyo Corp., et al., No. 06-1097, 2006 WL 2465426, at *2 (D.N.J. Aug. 22, 2006).

Judge Cavanaugh construed Plaintiff's lengthy complaint (in which Plaintiff cited no applicable statutes) to assert causes of action against Onkyo under Title VII of the Civil Rights Act of 1964 ("Title VII")[6] and the Conscientious Employee Protection Act ("CEPA"), Teklewolde v. Onkyo Corp., et al., 2006 WL 3779755, at *2-3 (D.N.J. Dec. 20, 2006), and as bringing a claim for Onkyo's use of Plaintiff's "engineering concept" in a product called "POWER PLUS," (id., at *3). Judge Cavanaugh dismissed Plaintiff's CEPA claim as untimely (id., at *2), his Title VII claim as time-barred (id., at *3), and his contract claim as frivolous and contradicted within Plaintiff's own Complaint (id.).

In the instant action, both Onkyo and Circuit City filed motions to dismiss the Amended Complaint pursuant to Rule 12(b)(6) currently before the Court. Plaintiff's "Amendment to Civil Lawsuit" specifies that "the nature of the lawsuit and the bases for the lawsuit has not been altered [in the Amended Complaint] except the reduction of redundant statement." (Am. to Civil Lawsuit at ¶ 4.) Thus, the Court will construe all causes of action against Onkyo recognized in Teklewolde I to exist in the instant case as well. Plaintiff further asserts two "new" causes of action against Onkyo in the Amended Complaint: a claim for (i) discrimination and retaliation

---

[6] Seemingly alerted by Onkyo's motion, Plaintiff filed a Charge of Discrimination against Onkyo with the Equal Employment Opportunity Commission ("EEOC") on August 22, 2006. The EEOC dismissed the Charge as untimely on November 6, 2006. (Aff. in Support of Mot., Exs. D, E.) Plaintiff also filed a complaint with Occupational Safety and Health Administration ("OSHA") in March 2004. (Id., Ex. H.) OSHA investigated Plaintiff's allegations and dismissed his claim as meritless six months later. (Id.)

based on his opposition to Onkyo's violations of 29 C.F.R. § 24.1 *et seq.* and 29 U.S.C. § 660(a) and (ii) race discrimination in violation of Title VII because Onkyo did not have more than fifteen (15) employees. (Pl Opp'n Br. (Onkyo) at 5.) Both the Court and Onkyo understand Plaintiff to assert a cause of action for personal, work-related injuries in the Amended Complaint also. (See Onkyo Br. at 18-19.)[7]

Defendant Onkyo argues that Plaintiff's "new" claims must be dismissed because (1) the statutes cited by Plaintiff in support of his "new" retaliatory discharge claim do not provide a mechanism for review by this Court (Onkyo Reply Br. at 4-7), (2) Title VII only furnishes redress against "employers," who, by definition, have more than fifteen employees (id. at 7-8), and (3) the New Jersey Workers' Compensation Act (the "Act") is the sole remedy to redress on-the-job injuries and Plaintiff has not brought this claims within New Jersey's statute of limitations for these types of claims (id. at 9-10). Onkyo further requests that Plaintiff be enjoined from filing additional actions against Defendants based on this nucleus of operative facts. Onkyo grounds its request on Plaintiff's filing history in this action and his lengthy record of filing frivolous *pro se* complaints. (Onkyo Br. at 20-22.)

Plaintiff does not assert any "new" causes of action against Circuit City. While Plaintiff argues that this is a "special case" pursuant to 28 U.S.C. §§ 351-364, 372(c), he does not cite these statutes in the Amended Complaint. (Pl. Opp'n Br. (Circuit City) at 1.) Because Plaintiff

---

[7] The Court faced difficulty in discerning the causes of action and arguments stated in Plaintiff's Amended Complaint and opposition. It is clear that defendant Onkyo likewise had trouble understanding just what claims Plaintiff alleged in the Amended Complaint. Onkyo initially construed *three* new causes of action against it: a claim for (1) a violation of the Federal Labeling and Packaging Act ("FPLA"), (2) on-the-job injuries, and (3) violations of Plaintiff's rights under the First, Seventh, Tenth, Thirteenth, and Fourteenth Amendments of the United States Constitution. (Onkyo Br. at 11-19.)

raised these issues for the first time in his opposition, the Court will not construe any new claims against Circuit City. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); Schoenfeld Asset Mgmt. LLC v. Cedant Corp., 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001) (same). Circuit City argues that Plaintiff's claim(s) against it cannot withstand a motion under Rule 12(b)(6) for the same reasons it could not in Teklewolde I. (Circuit City Br. at 2-4.) The Court will examine Defendants' arguments in turn.

## II. Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[8] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the requirements of Rule 8

---

[8] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

apply to all plaintiffs, when a plaintiff is proceeding *pro se*, the court must construe the complaint liberally. Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing *pro se* plaintiffs' pleadings liberally"). Given the disparity in legal sophistication, the court will hold a complaint submitted by a *pro se* litigant to a less exacting standard than one drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). However, "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it," the court must dismiss it pursuant to Rule 8(a). Wright v. Castle Point Mortgage, No. 05-4851, 2006 WL 1468678, at *2 (D.N.J. May 24, 2006) (citing Cole v. Commonwealth Fed., No. 94-6099, 1994 WL 618464, at *1 (E.D. Pa. Nov. 8, 1994)). With this framework in mind, the Court turns now to Defendants' respective motions.

### III. Discussion

#### A. Onkyo's Motion to Dismiss

As a threshold matter, the Court dismisses the three claims asserted against Onkyo in the Amended Complaint that were adjudicated in Teklewolde I. As previously noted, the Amended Complaint contains identical causes of action to those in Plaintiff's original Complaint–a complaint identical to the one dismissed by Judge Cavanaugh. (See Am. to Civil Lawsuit at ¶ 4.) For the reasons stated in Teklewolde I, No. 06-1097, 2006 WL 3779755, and because the claims are duplicative, Plaintiff's claims for retaliatory discharge under the CEPA, for race discrimination in violation of Title VII, and for money damages for breach of contract by misusing Plaintiff's "engineering concept" against Onkyo are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Id., 2006 WL 3779755, at *2-3.

Moreover, had the Court been alerted to the duplicative nature of this action at the time of filing, it would have administratively terminated this action. Consequently, the Court will administratively terminate this action at this time.

Assuming *arguendo* that the Court could consider Plaintiff's Amended Complaint, the Court finds that it does not comport with the standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. On that basis, the Court grants defendant Onkyo's motion to dismiss.

Even if the Amended Complaint met the Rule 8 requirements, the "new" causes of action could not withstand Onkyo's motion. The Court will only examine those new causes of action addressed by Plaintiff: the two specified in his opposition–a claim pursuant to 29 C.F.R. § 24.2 and Title VII (Pl. Opp'n (Onkyo) at 2-3)–and the one addressed in reply to Onkyo's motion–his on-the-job injury (id. at 4-5).[9]

First, the Court does not have jurisdiction to hear Plaintiff's causes of action under 29 C.F.R. § 24.1 *et seq.* and 29 U.S.C. § 660(a). See 29 U.S.C. § 660(a) (providing for judicial review of an order of the Commission "in any United States Court of Appeals for the circuit in which the violation is alleged to have occurred or where the employer has its principal office, or in the Court of Appeals for the District of Columbia Circuit, by filing in such court within sixty days following the issuance of such order a written petition . . . ."); 29 C.F.R. § 24.7(b) (stating that OSHA's decision to investigate or dismiss a complaint may not be appealed). Plaintiff argues that he may assert this cause of action because the filing limitations of the Energy

---

[9] While the Amended Complaint contains allegations that Onkyo discharged Plaintiff in retaliation for bringing to light Onkyo's quality control issues concerning the packaging in violation of 15 U.S.C. §§ 1452, 1453(a) and 1456(b) (Am. Compl. at 5), Plaintiff did not name this claim as one of the new ones asserted in the Amended Complaint.

8

Reorganization Act ("ERA") do not apply to him as Onkyo did not place an "ERA whistleblower" notification on its premises. (Pl. Opp'n Br. (Onkyo) at 3.) A complaint under the ERA is likewise subject to 29 C.F.R. § 24.7(b), which bars this Court from hearing the claim. Thus, Plaintiff's claim under 29 C.F.R. § 24.1 *et seq.* and 29 U.S.C. § 660(a) is dismissed.

Second, Judge Cavanaugh dismissed Plaintiff's Title VII claim as untimely; the same is dismissed here with prejudice as duplicative. However, Plaintiff argues that he is not bound by the filing period established under Title VII because Onkyo did not have fifteen (15) employees within the United States during Plaintiff's employment. (Id.) Title VII provides redress for acts of discrimination by employers. 42 U.S.C. § 2000e-2(a)(1). Under Title VII, an "employer" is a one "engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). Assuming the truth of Plaintiff's statement, Onkyo is not employer for purposes of committing a Title VII violation as a matter of law. See E.E.O.C. v. Commercial Office Prod. Co., 486 U.S. 107, 120 n.5 (1988) (". . . Title VII does not give the EEOC jurisdiction to enforce [Title VII of the Civil Rights] Act [of 1964] against employers of fewer than 15 employees . . ."). On this basis, the Court will once again dismiss Plaintiff's Title VII claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Third, Defendant contends that Plaintiff's cause of action for his work-related injuries is both untimely and prohibited by the existence of the New Jersey Workers' Compensation Act. (Onkyo Br. at 18-19.) Plaintiff alleges that he sustained personal injuries during his tenure at Onkyo based on his exposure to "toxic plastic-melting chemical" between 2001 and 2003. (Am. Comp. at 9; Pl. Opp'n (Onkyo) Br. at 4.) He argues that his claim was brought within the appropriate statute of limitations. (Pl. Opp'n (Onkyo) Br. at 5.)

Defendants are correct on both counts. Plaintiff brought his claim outside the statute of limitations for personal and work-related injuries in New Jersey. See N.J.S.A. § 2A:14-2(a) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years . . . ."); N.J.S.A § 34:15-51 (stating that under the Act a claimant must file a petition with the Division of Workers' Compensation "within two years after the date on which the accident occurred"). Furthermore, the Act is Plaintiff's sole remedy for his alleged work-related injuries: the Act precludes Plaintiff from bringing a common law tort claim. See N.J.S.A. § 34:15-8 ("If an injury . . . is compensable under th[e] [Act], a person shall not be liable to anyone at common law . . ."); Roma v. United States, 344 F.3d 352, 363 (3d Cir. 2003) ("an employee's exclusive remedy against his employer for ordinary work injuries is a statutory remedy . . . [for which] the employee forgoes a common law tort remedy"); Smith v. Exxon Mobil Corp., 374 F. Supp. 2d 406, 424 (D.N.J. 2005) ("The New Jersey Workers' Compensation Act . . . provides the exclusive remedy by which an employee may recover for injuries caused by workplace negligence."). Consequently, Plaintiff's workplace injury claim cannot stand. At this time, even if the Court were not administratively terminating this action, the Court grants Onkyo's motion to dismiss Plaintiff's claims against it.

### B. Circuit City's Motion to Dismiss

Defendant Circuit City moves to dismiss Plaintiff's claim against it because (1) the Amended Complaint does not comport with Rule 8(a) of the Federal Rules of Civil Procedure and (2) no relief can be granted based on any set of facts construed from the allegations. (Circuit City Br. at 3.) The Court will address Circuit City's motion to dismiss despite the fact that the

Court finds that this action must be administratively terminated as duplicative of <u>Teklewolde I</u>.

Initially, because the Court finds that Plaintiff does not bring any new claims against Circuit City and because Plaintiff's allegations against Circuit City are the same as those adjudicated in <u>Teklewolde I</u>, the Court grants Circuit City's motion to dismiss. <u>See</u> <u>Teklewolde I</u>, No. 06-1097, 2006 WL 2465426, at *2

Upon its own examination of the Amended Complaint, the Court is "unable to discern any cognizable cause of action or deprivation of Plaintiff's rights by Circuit City."[10] <u>See</u> <u>id.</u> Thus, the Amended Complaint does not comply with the requirements of Rule 8(a) and defendant Circuit City's motion to dismiss Plaintiff's claims against it is granted.

### C. **Onkyo's Motion to Enjoin Plaintiff**

Onkyo requests that the Court enjoin Plaintiff from filing further complaints based on these facts due to Plaintiff's record of filing duplicative *pro se* complaints in this action and others. (Onkyo Br. at 20-22.) By way of the instant motion, Onkyo notified Plaintiff of such request, as required. Plaintiff responded, arguing that such a request is "ridiculous" as "defense council ha[s] so far printed 15-truck load [*sic*] of paper material since they began their exercise." (Pl. Opp'n (Onkyo) Br. at 3.)

District courts may issue injunctions requiring litigants filing repetitive and duplicative actions to request leave of the court prior to filing actions in which "the pleadings raise issues identical or similar to those that have already been adjudicated." <u>In the Matter of Packer Ave. Assoc.</u>, 884 F.2d 745, 746 (3d Cir. 1989); <u>Gambrell v. Hess</u>, 777 F. Supp. 375, 383 (D.N.J.

---

[10] In the Amended Complaint, Plaintiff asserts a "civil rights violation" by Circuit City, but does not cite to any statute under which he may recover for the purported infringement or assert facts that give rise to the asserted cause of action. (<u>See</u> Am. Comp. at 6-7.)

11

1991). Such injunctions, however, are "extreme remedies" to be used sparingly, Packer Ave. Assoc., 884 F.2d at 746, and should only be issued "where a litigtious plaintiff has filed numerous repetitious, frivolous and even malicious actions, and the court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained," Gambrell, 777 F. Supp. at 383 (quoting Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990)) (quotations omitted).

In the cases cited by Onkyo in support of its motion, each plaintiff had filed an inordinate number of complaints against the same defendants based on the same operative facts. See Roznowski v. Paticchio, No. 06-519, 2007 WL 61098, at *2 n.1, 2, 3 (D.N.J. Jan. 5, 2007) (plaintiff filed approximately seven *pro se* complaints against the various defendants); Perry v. Gold & Laine, P.C., et al., 371 F. Supp. 2d 622, 630-31 (D.N.J. 2005) (plaintiff filed approximately six *pro se* complaints against defendants); Gambrell, 777 F. Supp. at 373-78 (plaintiff filed four *pro se* complaints and two motions for reinstatements of her Title VII action, all of which were dismissed with prejudice or on summary judgment). Plaintiff here has filed two identical complaints, an untimely Charge of Discrimination with the EEOC, and a meritless complaint with OSHA. The filings here do not lead the Court to conclude that Plaintiff "is intentionally abusing the judicial process and will continue to do so unless restrained"; therefore, the "extreme" remedy of an injunction is not warranted at this time.

Furthermore, the Court has administratively terminated this action, making it impossible for Plaintiff to file additional pleadings in front of this Court based on these facts. To the extent that the Court examined Plaintiff's new claims, all such claims were dismissed. No injunction is necessary to prevent Plaintiff from filing further litigation based on this nucleus of facts as he is

already barred from doing so under Teklewolde I and by this Court's adjudications of his claims. The determination of both Civil Action No. 07-1097 and this action puts Plaintiff on notice that he may not raise further claims based on these set of facts and Onkyo's motion for an injunction is denied.

## IV.   Conclusion

For the foregoing reasons, both defendant Onkyo's and defendant Circuit City's respective motions to dismiss Plaintiff's Amended Complaint are granted. Onkyo's request to enjoin Plaintiff from filing further actions against Defendants based on these facts is denied. An appropriate order accompanies this opinion.

Date:   February 28, 2008

Jose L. Linares
United States District Judge